**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 15, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CRAIG L. POINDEXTER,

Petitioner - Appellant,

v.

ARISTEDES ZAVARES; WARDEN
REID; ATTORNEY GENERAL OF
THE STATE OF COLORADO,

Respondents - Appellees.

No. 09-1012
(D.C. No. 1:07-CV-00544-PAB-CBS)
(D. Colorado)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **MURPHY,** and **McCONNELL**, Circuit Judges.

Proceeding *pro se*, Craig Poindexter seeks a certificate of appealability

("COA") from this court so he can appeal the district court's denial of his 28

U.S.C. § 2254 habeas application. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that

no appeal may be taken from a final order disposing of a § 2254 application

unless the petitioner first obtains a COA). Because Poindexter has not "made a

substantial showing of the denial of a constitutional right," this court **denies** his

request for a COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

After a Colorado state jury trial, Poindexter was convicted of second

degree criminal trespass and third degree assault. A mistrial was declared on a

count of first degree sexual assault. Poindexter avoided a retrial by pleading guilty to possession of a schedule II controlled substance in exchange for dismissal of the first degree sexual assault count. He was sentenced to five years' incarceration and three years' mandatory parole. After his release from prison, Poindexter violated the terms of his parole and was thereafter convicted of escape. Poindexter filed a Colorado Crim. P. 35(c) motion challenging his escape conviction by collaterally attacking the sentence he received for the 1999 controlled substance conviction. Specifically, he argued his controlled substance conviction qualified as sexual offense pursuant to Colo. Rev. Stat. § 17-2-201(5) and, thus, he was erroneously sentenced to mandatory parole instead of discretionary parole. *See People v. Rockwell*, 125 P.3d 410, 420 (Colo. 2005). The Colorado trial court denied relief and the Colorado Court of Appeals affirmed the judgment, concluding Poindexter failed to prove the factual basis for his conviction involved unlawful sexual behavior.

Poindexter filed the instant § 2254 application on March 20, 2007, raising three claims for relief: (1) he was erroneously sentenced to a term of mandatory parole for the controlled substance conviction, (2) he could not have been convicted of escape because the home in which he was confined was not an approved Intensive Supervised Parole site, and (3) another individual's conviction was used to charge him with escape. Poindexter's application was referred to a magistrate judge who prepared a comprehensive Report and

Recommendation (R&R) recommending that it be denied. After considering and discussing Poindexter's objections, the district court adopted the findings and conclusions in the R&R and denied the habeas application.

Poindexter seeks a COA only on the claim relating to his term of mandatory parole. To be entitled to a COA, Poindexter must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). In evaluating whether Poindexter has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id*, at 338. Although Poindexter need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Poindexter's application for a COA and appellate brief, the magistrate's R&R, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that Poindexter is not entitled to a COA. The district court's resolution of the claims raised in Poindexter's § 2254 application is not reasonably subject

to debate and the claims are not adequate to deserve further proceedings. Accordingly, Poindexter has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA.  28 U.S.C. § 2253(c)(2).

This court **denies** Poindexter's request for a COA and **dismisses** this appeal.  Poindexter's motion to supplement the record and his application to proceed *in forma pauperis* on appeal are **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge